**IT IS ORDERED as set forth below:**



**Date: November 7, 2019**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | **CHAPTER 7** |
| ARMANDO MONCADA, JR. ) | |
| DEBTOR ) | **CASE NO. 16-21407-JRS** |
| ) | |
| ) | |
| CALDERA CAPITAL GROUP, INC. ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | **ADVERSARY PROC. 16-2059-JRS** |
| ) | |
| ARMANDO MONCADA, JR. ) | |
| DEFENDANT. ) | |
| ) | |

**ORDER ON FIRST MOTION TO COMPEL POST JUDGMENT DISCOVERY**

The issue in this Motion to Compel Post Judgment Discovery and Award Costs (the "Motion") [Doc. 51] is whether post judgment discovery not filed with the Court can be served electronically without the express written consent of the counsel for the party to be served. The plaintiff in this case served its discovery requests by email on counsel for the debtor. The attorney for the debtor advised counsel for the plaintiff by reply email that he would get responses to the requests if he served them properly. Rather than serve the discovery requests by mail, counsel for

1

the plaintiff filed the Motion contending that service of the post judgment discovery by email on counsel was sufficient.

In paragraph 1 of this Court's General Order No. 25-2018 on Electronic Service of Pleadings (the "General Order"), Registered Users of the Court's CM/ECF filing system "agree to receive notice and service of pleadings and documents by electronic means through the Notice of Electronic Filing ("NEF") for notices of pleadings and documents from both the Bankruptcy Court and from other Registered Users and to waive other service." This provision deals with pleadings that are filed with the Court's CM/ECF system and the type of service provided for is from the Court's CM/ECF system. Because post judgment discovery is not filed with the Court's CM/ECF system and, therefore, not served through that system, this provision and the General Order are not applicable here.

Because the General Order does not address this situation, we must look to the rules of service set forth in Fed. R. Civ. P. 5 as made applicable hereto by Fed. R. Bankr. P. 7005. Rule 5(b)(1) provides for service of pleadings and other papers on an attorney for a party. Rule 5(b)(2)(E) provides that pleadings and papers can be served (i) via the court's electronic filing system – which we have discussed is not applicable here because this discovery was not filed with the Court's electronic filing system -  or (ii) "by other electronic means that the person consented to in writing."

There is no dispute that Debtor's counsel never sent a written communication to Plaintiff's counsel stating that he agreed to be served all pleadings or papers by email. Plaintiff argues that Debtor's counsel agreed to accept this discovery by email because he accepted service of everything else in the case by email and never objected to being served by email. Assuming this

2

is true, this conduct still does not amount to a form of service "consented to in writing" as required by the Rule.  The reason the consent is required to be in writing is to avoid this very type of dispute.

Because there was no consent in writing to service by email from counsel with respect to papers or pleadings not filed with the Court's CM/ECF, the service of this post judgment discovery by email is not sufficient and, therefore, the Motion cannot be granted and must be denied. Accordingly, it is hereby

ORDERED that the Motion is DENIED without prejudice to Plaintiff's right to a file a subsequent motion to compel responses to the post judgment discovery served in compliance with Rule 5.

The Clerk shall serve this Order on counsel for the Plaintiff and Defendant.

**END OF ORDER**